An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

EDDIE BELL A/K/A EDDIE EARVIN
BELL,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61397

**FILED**

APR 09 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
    DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from an order denying a motion to withdraw a guilty plea.[1] Eighth Judicial District Court, Clark County; David B. Barker, Judge.

In his motion filed on June 15, 2012, appellant claimed that the State breached the plea negotiations offered in the justice court. We conclude that the equitable doctrine of laches precluded consideration of the motion because there was more than an eight-year delay from entry of the judgment of conviction, there was inexcusable delay in seeking relief, an implied waiver exists from appellant's knowing acquiescence in existing conditions, appellant previously litigated two habeas corpus petitions and one motion to correct an illegal sentence,[2] and the State may

_____

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. See Luckett v. Warden, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

[2]Bell v. State, Docket No. 46241 (Order of Affirmance, March 22, 2006); Bell v. State, Docket No. 49362 (Order of Affirmance, December 10, 

*continued on next page...*

SUPREME COURT
OF
NEVADA

(O) 1947A

13-10403

suffer prejudice from the delay. Hart v. State, 116 Nev. 558, 563-64, 1 P.3d 969, 972 (2000). Therefore, the district court did not err in denying appellant's motion.[3] Accordingly, we

ORDER the judgment of the district court AFFIRMED.[4]



_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:    Hon. David B. Barker, District Judge
        Eddie Bell
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk

---

...*continued*
2007); Bell v. State, Docket No. 59158 (Order of Affirmance, March 7, 2012).

[3]We conclude that the district court did not abuse its discretion in denying appellant's motion for the appointment of counsel.

[4]We have reviewed all documents that appellant has submitted in proper person to the clerk of this court in this matter, and we conclude that no relief based upon those submissions is warranted. To the extent that appellant has attempted to present claims or facts in those submissions which were not previously presented in the proceedings below, we have declined to consider them in the first instance.